·STATE *ex rel.* B. B. TENNANT v. J. M. BURNETT, as Tax Collector of Hillsborough County.

194 So. 281
En Banc
Opinion Filed February 20, 1940

*J. P. Marchant, Worth, Bivens & Lively,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Defendant in Error.

CHAPMAN, J.—On October 2, 1939, an alternative writ of mandamus, on the relation of B. B. Tennant, issued out of the Circuit Court of Hillsborough County, Florida, commanding Hon. J. M. Burnett, as Tax Collector of Hillsborough County, Florida, the respondent, to issue a 1939-1940 license to operate a restaurant in Tampa, Florida, where some 30 to 49 persons were served at each meal. The relator, as shown by the alternative writ, had made written application to the respondent for a license to operate a restaurant and tendered to him the sum of $2.75 under the provisions of Sections 1 and 2 of Chapter 18011, Acts of 1937; the sum of 25 cents required by Section 1 as a fee for the county judge, and $2.50 pursuant to Section 2 of Chapter 18011, *supra.* The alternative writ recited that the relator had paid to the Hotel Commission of Florida the sum of $5.00 as required by Section 11 of Chapter 16042,

Acts of 1933, as amended by Section 3 of Chapter 17062, Acts of 1935.

A motion to quash the alternative writ was made by the respondent on the ground largely that the relator was liable for an inspection tax under Section 11 of Chapter 16042, Acts of 1933, as amended by Section 3 of Chapter 17962, Acts of 1935, and in addition thereto an excise tax under the provisions of Section 5 of Chapter 18011, Acts of 1937. The lower court granted the motion to quash the alternative writ and dismissed the petition. An appeal has been perfected to this Court and the case is here for review.

We agree with counsel for relator that the law requires a person conducting a restaurant, like the one described in the petition and alternative writ, to pay an inspection fee to the Hotel Commission of the State of Florida under the provisions of Section 11 of Chapter 16042, Acts of 1933, as amended by Section 3 of Chapter 17062, Acts of 1933. It likewise became the lawful duty of the relator to pay to the respondent tax collector an additional excise tax under Section 6 of Chapter 18011, Acts of 1937, prior to the issuance of a 1939-1940 license to operate a restaurant. See State *ex rel.* Rachel B. Beth and husband v. Burnett, as Tax Collector of Hillsborough County, Florida, this day decided, being a companion case to the one at bar.

The judgment appealed from is affirmed in part and reversed in part.

It is so ordered.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and THOMAS, J. J., concur.